UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PHARMASTEM THERAPEUTICS, INC.**
           **Plaintiff,**

v.                                                              Case No.: 8:04-cv-1740-T-30TGW

**CRYO-CELL INTERNATIONAL, INC. and
BRUCE ZAFRAN**
           **Defendants.**

---

**CRYO-CELL THERAPEUTICS, INC.**, a
Delaware corporation, and **BRUCE ZAFRAN,
M.D.**, an individual,
           **Counterclaimants,**

vs.

**PHARMASTEM THERAPEUTICS, INC.**, a
Delaware corporation, and **NICHOLAS DIDIER**,
an individual,
           **Counter-Defendants.**

---

## CASE MANAGEMENT REPORT

    **1.**    **Meeting of Parties.**

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on September 28, 2004 at 2:00 p.m. (EST) by telephone, and was attended by the following counsel:

| NAME | COUNSEL FOR PARTY |
|---|---|
| Charles Carlson<br>Barnett, Bolt, Kirkwood, Long & McBride<br>601 Bayshore Blvd., Suite 700<br>Tampa, FL 33606 | Plaintiff PharmaStem |

| | |
|---|---|
| Lisa Kobialka<br>Amanda M. Fox<br>Perkins Coie LLP<br>101 Jefferson Drive<br>Menlo Park, CA 94025 | Plaintiff PharmaStem |
| Joseph Bain<br>Akerman Senterfitt<br>Attorneys at Law<br>Wachovia Center, Suite 1500<br>100 South Ashley Drive<br>Tampa, Florida 33602-5311 | Defendants Cryo-Cell and Bruce Zafran |
| Justin H. Perl<br>Maslon Edelman Borman & Brand LLC<br>330 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-4140 | Defendants Cryo-Cell and Bruce Zafran |

2.  **Initial Disclosures.**

The parties agree to exchange information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) on or before January 24, 2005.

3.  **Discovery Plan – Plaintiffs.**

The parties jointly proposed the following Plaintiffs' discovery plan: (1) discovery opens on October 12, 2004; (2) all fact discovery closes on May 1, 2006; and (3) all expert discovery closes on October 2, 2006.

   a.  **Plaintiffs' Planned Discovery.**

A description of every discovery effort Plaintiffs and Defendants plan to pursue is described below.

   **(1) Requests for Admission.**

The parties agree to follow the parameters set forth in the Federal Rules of Civil Procedure, which permit an unlimited number of Requests for Admission. This discovery will pursued during October 12, 2004 through May 1, 2006 and the subject of discovery will include the following:

(1) Cryo-Cell's willful infringement of the '645 Patent and Zafran's willful infringement of the '427 Patent;

(2) the damages PharmaStem is entitled to as a result of such infringement;

(3) the basis for defendants' defenses and counterclaims against PharmaStem and Mr. Didier, which include: (a) a failure to state a claim, (b) non-infringement, (c) invalidity, (d) prosecution history estoppel, (e) patent misuse, (f) incorrect inventor(s), (g) inequitable conduct, (h) intervening rights, (i) unclean hands/estoppel, (j) waiver, (k) laches, (l) res judicata, (m) improper venue, (n) interference with contractual and business relationships, (o) violations of the Lanham Act Section 43(a) and (p) deceptive and unfair trade practices;

(4) Plaintiffs' defenses to defendants' counterclaims; and

(5) such other investigations necessary to explore the allegations set forth in the pleadings.

**(2)  Written Interrogatories.**

In accordance with Local Rule 3.03, the parties have agreed that each party is permitted to serve no more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts.  This discovery will pursued during October 12, 2004 through May 1, 2006 and the subject of discovery will include the following:

(1) Cryo-Cell's willful infringement of the '645 Patent and Zafran's willful infringement of the '427 Patent;

(2) the damages PharmaStem is entitled to as a result of such infringement;

(3) the basis for defendants' defenses and counterclaims against PharmaStem and Mr. Didier, which include: (a) a failure to state a claim, (b) non-infringement, (c) invalidity, (d) prosecution history estoppel, (e) patent misuse, (f) incorrect inventor(s), (g) inequitable conduct, (h) intervening rights, (i) unclean hands/estoppel, (j) waiver, (k) laches, (l) res judicata, (m) improper venue, (n) interference with contractual and business relationships, (o) violations of the Lanham Act Section 43(a) and (p) deceptive and unfair trade practices;

(4) Plaintiffs' defenses to defendants' counterclaims; and

(5) such other investigations necessary to explore the allegations set forth in the pleadings.

**(3) Requests for Production or Inspection**.

The parties agree to follow the parameters set forth in the Federal Rules of Civil Procedure, which permit an unlimited number of Requests for Production or Inspection. This discovery will pursued during October 12, 2004 through May 1, 2006 and the subject of discovery will include the following:

    (1) Cryo-Cell's willful infringement of the '645 Patent and Zafran's willful infringement of the '427 Patent;

    (2) the damages PharmaStem is entitled to as a result of such infringement;

    (3) the basis for defendants' defenses and counterclaims against PharmaStem and Mr. Didier, which include: (a) a failure to state a claim, (b) non-infringement, (c) invalidity, (d) prosecution history estoppel, (e) patent misuse, (f) incorrect inventor(s), (g) inequitable conduct, (h) intervening rights, (i) unclean hands/estoppel, (j) waiver, (k) laches, (l) res judicata, (m) improper venue, (n) interference with contractual and business relationships, (o) violations of the Lanham Act Section 43(a) and (p) deceptive and unfair trade practices;

    (4) Plaintiffs' defenses to defendants' counterclaims; and

    (5) such other investigations necessary to explore the allegations set forth in the pleadings.

**(4) Oral Depositions.**

Plaintiff proposes that the number of depositions permitted under the Federal Rules of Civil Procedure be extended as follows: Each party is permitted no more than ten (10) depositions, excluding any depositions of expert witnesses or third parties, and each deposition is limited to one day of seven hours of testimony. This request is also made in paragraph 6 below for approval by the court.

This discovery will pursued during October 12, 2004 through May 1, 2006 and the subject of discovery will include the following:

    (1) Cryo-Cell's willful infringement of the '645 Patent and Zafran's willful infringement of the '427 Patent;

    (2) the damages PharmaStem is entitled to as a result of such infringement;

  (3) the basis for defendants' defenses and counterclaims against PharmaStem and Mr. Didier, which include: (a) a failure to state a claim, (b) non-infringement, (c) invalidity, (d) prosecution history estoppel, (e) patent misuse, (f) incorrect inventor(s), (g) inequitable conduct, (h) intervening rights, (i) unclean hands/estoppel, (j) waiver, (k) laches, (l) res judicata, (m) improper venue, (n) interference with contractual and business relationships, (o) violations of the Lanham Act Section 43(a) and (p) deceptive and unfair trade practices;

  (4) Plaintiffs' defenses to defendants' counterclaims; and

  (5) such other investigations necessary to explore the allegations set forth in the pleadings.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| Mercedes Walton | 2 days or 14 hours | She has been the Chief Executive Officer of Cryocell for over a year, overseeing Cryocell's business and business decisions. |

  **b.** **Disclosure of Expert Testimony.**

Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiffs' Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: initial expert disclosures on July 7, 2006, and rebuttal expert disclosures on August 4, 2006. Expert discovery, including expert depositions, will be completed by October 2, 2006.

  **c.** **Supplementation of Disclosures and Responses.**

Parties agree that Plaintiffs' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: May 1, 2006, and before trial as appropriate.

  **d.** **Completion of Discovery.**

Plaintiff will commence all fact discovery in time for it to be completed on or before May 1, 2006. Plaintiff will commence all expert discovery in time for it to be completed on or before October 2, 2006.

**4.     Discovery Plan – Defendants.**

The parties jointly propose the following Defendants' discovery plan: (1) discovery opens on October 12, 2004; (2) all fact discovery closes on May 1, 2006; and (3) all expert discovery closes on October 2, 2006.

    **a.     Defendants' Planned Discovery.**

A description of every discovery effort Defendants plans to pursue is described below.

        **(1)  Requests for Admission.**

The parties agree to follow the parameters set forth in the Federal Rules of Civil Procedure, which permit an unlimited number of Requests for Admission. This fact discovery will pursued during October 12, 2004 through May 1, 2006 and the subject of discovery will include the following:

  (1) Cryo-Cell's non-infringement of the '645 Patent and Zafran's non-infringement of the '427 Patent and Pharmastem's basis for assertion of infringement;

  (2) the damages PharmaStem contends it is entitled to as a result of the alleged infringement;

  (3) Pharmastem's and Mr. Didier's conduct giving rise to defendants' defenses and counterclaims, which include: (a) a failure to state a claim, (b) non-infringement, (c) invalidity, (d) prosecution history estoppel, (e) patent misuse, (f) incorrect inventor(s), (g) inequitable conduct, (h) intervening rights, (i) unclean hands/estoppel, (j) waiver, (k) laches, (l) res judicata, (m) improper venue, (n) interference with contractual and business relationships, (o) violations of the Lanham Act Section 43(a) and (p) deceptive and unfair trade practices;

  (4) Plaintiffs' defenses to defendants' counterclaims; and

  (5) such other investigations necessary to explore the allegations set forth in the pleadings.

        **(2)  Written Interrogatories.**

In accordance with Local Rule 3.03, the parties have agreed that each party is permitted to serve no more than twenty-five (25) written interrogatories pursuant to Rule 33,

Fed.R.Civ.P., including all parts and subparts. This fact discovery will pursued during October 12, 2004 through May 1, 2006 and the subject of discovery will include the following:

> (1) Cryo-Cell's non-infringement of the '645 Patent and Zafran's non-infringement of the '427 Patent and Pharmastem's basis for assertion of infringement;
>
> (2) the damages PharmaStem contends it is entitled to as a result of the alleged infringement;
>
> (3) Pharmastem's and Mr. Didier's conduct giving rise to defendants' defenses and counterclaims, which include: (a) a failure to state a claim, (b) non-infringement, (c) invalidity, (d) prosecution history estoppel, (e) patent misuse, (f) incorrect inventor(s), (g) inequitable conduct, (h) intervening rights, (i) unclean hands/estoppel, (j) waiver, (k) laches, (l) res judicata, (m) improper venue, (n) interference with contractual and business relationships, (o) violations of the Lanham Act Section 43(a) and (p) deceptive and unfair trade practices;
>
> (4) Plaintiffs' defenses to defendants' counterclaims; and
>
> (5) such other investigations necessary to explore the allegations set forth in the pleadings.

### (3) Requests for Production or Inspection.

The parties agree to follow the parameters set forth in the Federal Rules of Civil Procedure, which permit an unlimited number of Requests for Production or Inspection. This fact discovery will pursued during October 12, 2004 through May 1, 2006 and the subject of discovery will include the following:

> (1) Cryo-Cell's non-infringement of the '645 Patent and Zafran's non-infringement of the '427 Patent and Pharmastem's basis for assertion of infringement;
>
> (2) the damages PharmaStem contends it is entitled to as a result of the alleged infringement;
>
> (3) Pharmastem's and Mr. Didier's conduct giving rise to defendants' defenses and counterclaims, which include: (a) a failure to state a claim, (b) non-infringement, (c) invalidity, (d) prosecution history estoppel, (e) patent misuse, (f) incorrect inventor(s), (g) inequitable conduct, (h) intervening rights, (i) unclean hands/estoppel, (j) waiver, (k) laches, (l) res judicata, (m) improper venue, (n) interference with contractual and business relationships, (o) violations of the Lanham Act Section 43(a) and (p) deceptive and unfair trade practices;

(4) Plaintiffs' defenses to defendants' counterclaims; and

(5) such other investigations necessary to explore the allegations set forth in the pleadings.

### (4) **Oral Depositions.**

Defendants submit that the number of potential witnesses may require more than 10 depositions per side; however, Defendants wish to place reasonable limits on the extent of deposition discovery throughout the United States and the associated costs. Accordingly, Defendants request that the Court permit 15 depositions per side, including all third party and expert depositions, and if a party requires more, it can seek leave of court for good cause shown. This request is also made in paragraph 6 below for approval by the court.

This discovery will be pursued during October 12, 2004 through May 1, 2006 (October 2, 2006 for expert depositions) and the subject of discovery will include the following:

(1) Cryo-Cell's non-infringement of the '645 Patent and Zafran's non-infringement of the '427 Patent and Pharmastem's basis for assertion of infringement;

(2) the damages PharmaStem contends it is entitled to as a result of the alleged infringement;

(3) Pharmastem's and Mr. Didier's conduct giving rise to defendants' defenses and counterclaims, which include: (a) a failure to state a claim, (b) non-infringement, (c) invalidity, (d) prosecution history estoppel, (e) patent misuse, (f) incorrect inventor(s), (g) inequitable conduct, (h) intervening rights, (i) unclean hands/estoppel, (j) waiver, (k) laches, (l) res judicata, (m) improper venue, (n) interference with contractual and business relationships, (o) violations of the Lanham Act Section 43(a) and (p) deceptive and unfair trade practices;

(4) Plaintiffs' defenses to defendants' counterclaims; and

(5) such other investigations necessary to explore the allegations set forth in the pleadings.

> Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.
>
> The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

8

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| Nicholas Didier | 2 days or 14 hours | Up to two days of deposition will be required to cover the subject matter in view of the number and complexity of the issues and claims and the extent of Mr. Didier's contacts with numerous medical care providers giving rise to the counterclaims. |

    **b.**    **Disclosure of Expert Testimony.**

Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendants' Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: initial expert disclosures on July 7, 2006, and rebuttal expert disclosures on August 4, 2006. Expert discovery, including expert depositions, will be completed by October 2, 2006.

    **c.**    **Supplementation of Disclosures and Responses.**

Parties agree that Defendants' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: May 1, 2006, and before trial as appropriate.

    **d.**    **Completion of Discovery.**

Defendants will commence all fact discovery in time for it to be completed on or before May 1, 2006. Defendants will commence all expert discovery in time for it to be completed on or before October 2, 2006.

    **5.**    **Joint Discovery Plan - Other Matters.**

Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues): The parties will enter into a suitable Protective Order and agree to exchange privilege logs as necessary. The parties agree that all

briefing in connection with claim construction will be filed by January 23, 2006. All motions for summary judgment, and all other potentially dispositive motions, will be filed by November 16, 2006.

**6.    Disagreement or Unresolved Issues Concerning Discovery Matters.**

Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The following are the issues concerning discovery discussed in this Case Management Report about which the parties are unable to agree:

(1) Plaintiff proposes to alter the number of deposition permitted under the Federal Rules of Civil Procedure, given the complexity of the case and the number of parties. Plaintiff proposes that each party is permitted no more than ten (10) depositions, excluding any depositions of expert witnesses or third parties.

(2) Defendants submits that the number of potential witnesses may require more than 10 depositions per side; however, Defendants wish to place reasonable limits on the extent of deposition discovery throughout the United States and the associated costs. Accordingly, Defendants request that the Court permit 15 depositions per side, including all third party and expert depositions, and if a party requires more, it can seek leave of court for good cause shown.

**7.    Third Party Claims, Joinder of Parties, Potentially Dispositive Motions.**

Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be, pursuant to Local Rule 4.03, six months from the date of service of the moving's party's answer to the complaint and/or counterclaims.

Motions for summary judgment, and all other potentially dispositive motions, should be filed no later than November 2, 2006. Any oppositions to such motions, pursuant to Local Rule 3.01(b), should be filed no later than November 16, 2006.

**8.    Settlement and Alternative Dispute Resolution.**

Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution: The parties agree that

settlement is unlikely. The parties do not agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and and 8.05(b).

### 9. Consent to Magistrate Judge Jurisdiction.

The parties do not agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.

### 10. Preliminary Pretrial Conference.

The parties request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include when trial should be scheduled.

### 11. Final Pretrial Conference and Trial.

Parties agree that they will be ready for a final pretrial conference on or after January 8, 2007 and for trial on or after February 5, 2007. This jury trial is expected to take approximately 10-12 Court days, or 80-96 hours.

### 12. Pretrial Disclosures and Final Pretrial Procedures.

Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

### 13. Other Matters.

This action involves claims of patent infringement with respect to stem cell technology. Defendants' counterclaims involve Counter-defendants' marketplace conduct that includes correspondence to thousands of medical care providers throughout the United States. This action is one of several similar patent infringement actions pending throughout the United States, including one in the District of Delaware, in which Judge Sleet has granted a new trial with respect to related patents. The parties agree that the number of claims and issues and the complexity presented by the subject matter as well as the co-pending actions require more time for discovery and pretrial preparation than the two year goal under the local rules for Track 2 cases. Although the parties do not at this time believe this case should be regarded as a Track 3

case, a schedule, as set forth herein, based on a trial date 30 months from filing will reduce the risk of need to seek a continuance.

For this patent case, the parties propose the following agreed to dates for briefing of patent issues:

- **Claim Construction Briefing Schedule**. The Parties hereby stipulate to the following briefing schedule regarding claims construction:

- **October 20, 2005**  Parties shall simultaneously exchange their proposed claim construction and extrinsic evidence.  Thereafter, the parties shall meet and confer.

- **January 2, 2006**  PharmaStem files Opening Claim Construction Brief.

- **January 16, 2006**  Defendants file a Responsive Claim Construction Brief.

- **January 23, 2006**  PharmaStem files a Reply Claim Construction Brief.

Defendants request that if the court determines that a Markman Hearing is appropriate, that such hearing be scheduled as soon as practical after January 23, 2006.

Date:  October 12, 2004

Respectfully submitted,

| BARNETT, BOLT, KIRKWOOD, LONG & MCBRIDE | AKERMAN SENTERFITT |
|---|---|
| /s/ | /s/ |
| Charles A. Carlson, Esq. | Joseph W. Bain, Esq. |
| Florida Bar No. 716286 | Florida Bar No. 860360 |
| 601 Bayshore Boulevard | 222 Lakeview Avenue |
| Suite 700 | Suite 400 |
| Tampa, FL 33606 | West Palm Beach, FL 33401-6147 |
| Telephone (813) 253-2020 | Telephone (561) 653-5000 |
| Facsimile (813) 251-6711 | Facsimile (561) 653-5333 |
| and | and |

PERKINS COIE LLP
Paul J. Andre, Esq.
Lisa Kobialka, Esq.
101 Jefferson Drive
Menlo Park, CA  94025-1114
Telephone (650) 838-4300
Facsimile (650) 838-4350

Co-Counsel for PharmaStem Therapeutics, Inc.

Charles F. Ketchey, Jr. Esq.
Florida Bar No. 181735
Post Office Box 3273
Tampa, FL 33601-3273
Telephone (813) 223-7333
Facsimile (813) 223-2837

and

*Of Counsel:*
Justin H. Perl
Richard A. Kempf
Matt P. Lewis
Maslon Edelman Borman & Brand LLC
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone (612) 672-8200
Facsmile (612) 672-8397

Counsel for Cryo-Cell International, Inc. and Bruce Zafran, M.D.

BBKLDOCS-#229581-v1-Case_Mgt_Rpt_-_Final.DOC