**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHARMASTEM THERAPEUTICS, INC.,
a Delaware corporation,

           Plaintiff,           CASE NO. 8:04-CV-1740-T-30TGW

v.

CRYO-CELL INTERNATIONAL, INC., a
Delaware corporation, BRUCE ZAFRAN,
MD, an individual,

           Defendants.
_____/

CRYO-CELL INTERNATIONAL, INC., a
Delaware corporation, and BRUCE
ZAFRAN, M.D., an individual,

           Counter-Claimants

vs.

PHARMASTEM THERAPEUTICS, INC., a
Delaware corporation, and NICHOLAS
DIDIER, an individual,

           Counter-Defendants.
_____/

**PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER ENJOINING CRYO-CELL FROM PURSUING PRELIMINARY INJUNCTIVE RELIEF IN CASE NO. 04-1334-GMS IN THE DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

Plaintiff/Counter Defendant, PharmaStem Therapeutics, Inc. ("PharmaStem"), pursuant to F.R.C.P. 65, and Local Rule 4.05, hereby moves for an emergency temporary restraining order enjoining Defendant/Counter Plaintiff, Cryo-Cell International, Inc. ("Cryo-Cell") from pursuing

preliminary injunctive relief or taking any further action in Civil Action No. 04-1334-GMS, filed and currently pending in the Federal District Court for the District of Delaware, and in support of its motion states as follows:

1. On July 28, 2004, PharmaStem filed this lawsuit against Cryo-Cell and its Florida provider, Dr. Zafran. PharmaStem's Complaint alleges patent infringement of U.S. Patent Nos. 6,461,645 ("the '645 Patent") and 6,569,427 B1 ("the '427 Patent"). On September 17, 2004, Cryo-Cell and Dr. Zafran filed an Answer and Counterclaims against PharmaStem and its CEO and President, Nicholas Didier. Cryo-Cell's counterclaims allege interference with contractual and business relationships, violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), patent misuse, and deceptive and unfair trade practices.

2. On October 5, 2004, ViaCell, Inc. ("ViaCell") initiated Civil Action No. 04-1334-GMS in the Federal District Court for the District of Delaware ("the Delaware Action") against PharmaStem, alleging claims for violation of 15 U.S.C. § 1 and 2 ("antitrust claims"), violation of the Lanham Act, 15 U.S.C. § 1125(a), unfair and deceptive trade practices pursuant to Mass. Gen. Laws Chapter 93A, §§2 and 11, and tortious interference with contract and prospective advantageous relationships.

3. On October 8, 2004, ViaCell filed a motion for preliminary injunction against PharmaStem on its antitrust claims and unfair and deceptive trade practices claim in the Delaware Action. ViaCell is the parent company of ViaCord, who like Cryo-Cell, offers umbilical cord blood banking services to the public. Copies of ViaCell's Motion For Entry of Preliminary Injunction and Memorandum of Points and Authorities in Support of ViaCell's Motion For Entry of a Preliminary Injunction filed in the Delaware Action are attached hereto as

Exhibits "A" and "B" respectively.[1] On October 26, 2004, PharmaStem filed its opposition to ViaCell's motion for preliminary injunction in the Delaware Action. A copy of PharmaStem's Opposition to ViaCell's Motion For Entry of a Preliminary Injunction is attached hereto as Exhibit "C."

4. On October 15, 2004, an Amended Complaint in the Delaware Action was filed in which Cryo-Cell joined, bringing counts for antitrust, violation of the Lanham Act, 15 U.S.C. §1125(a), tortious interference with contract and prospective advantageous relationships and unfair and deceptive trade practices in violation of Florida Stat. § 501.201 against PharmaStem. The claims brought by Cryo-Cell in the Delaware Action are identical to Cryo-Cell's counterclaims in the instant case. A copy of the Amended Complaint in the Delaware Action is attached hereto as Exhibit "D."

5. On October 28, 2004, PharmaStem filed, in this Court, its Motion for Preliminary and Permanent Injunction seeking an order enjoining Cryo-Cell from proceeding in the Delaware Action. Such an injunction is warranted because this Court was the first federal court to have jurisdiction over Cryo-Cell's claims and the claims made by Cryo-Cell in the Delaware Action are compulsory counterclaims in the instant case. PharmaStem's right to injunctive relief in this regard is set forth more fully in PharmaStem's Motion For Preliminary and Permanent Injunction and Plaintiff's Memorandum of Law in support thereof ("PharmaStem's Motion For Injunction"), which are incorporated herein by reference.

---

[1] Local Rules 4.06(b)(1) and 4.05(2) provide that a motion for preliminary injunction should be supported by allegations of specific facts in either a verified complaint or affidavits. The relevant facts in this motion concern the content of Cryo-Cell's counterclaim in this case, Cryo-Cell's Delaware complaint, ViaCell's Motion For Preliminary Injunction in Delaware and Cryo-Cell's joinder therein. These matters are readily capable of determination by resort to district court pleadings and are appropriate for judicial notice. Accordingly, no affidavits have been submitted to establish the content of these court papers.

6. On October 28, 2004, the same day PharmaStem filed its Motion For Preliminary and Permanent Injunction in this Court and two days after PharmaStem's filed its opposition to ViaCell's motion in the Delaware Action, Cryo-Cell filed a Notice of Joinder in the Delaware Action, stating that it was joining ViaCell's motion. A copy of Cryo-Cell's Notice of Joinder in Motion For Preliminary Injunction is attached hereto as Exhibit "E." The Delaware court has scheduled a hearing on the motion for November 3, 2004. A copy of counsel's letter to the judge in the Delaware Action confirming the hearing time is attached hereto as Exhibit "F."

7. Relief is requested on an emergency basis because Cryo-Cell is improperly attempting to join ViaCell's preliminary injunction motion in the Delaware Action, and the preliminary injunction motion is set for hearing in five days, on November 3, 2004. This Court will not have had sufficient time to rule on PharmaStem's Motion For Injunction in the instant case prior to the hearing in the Delaware Action. Therefore, emergency relief is necessary to prevent Cryo-Cell from participating at the November 3, 2004 hearing. PharmaStem has filed a similar motion with respect to ViaCell based on its previously filed case against ViaCell in Massachusetts.

8. As set out more fully in PharmaStem's Memorandum of Law in support of this motion, Cryo-Cell already brought counterclaims against PharmaStem on the same subject matter in the instant case and has requested preliminary and permanent injunctive relief in those counterclaims. Further, to the extent Cryo-Cell has attempted to bring new claims for antitrust violations based on the same facts in the Delaware Action, such claims are compulsory counterclaims and should have been brought with Cryo-Cell's counterclaims in this case.

9. Based on the foregoing and the arguments made in PharmaStem's Memorandum of Law in support of this motion and in PharmaStem's Motion For Preliminary and Permanent

Injunction and Memorandum of Law in Support thereof, PharmaStem is likely to succeed on the merits of its motion for injunctive relief. Furthermore, PharmaStem will be irreparably harmed if this Court fails to issue the temporary restraining order requested because PharmaStem will be subject to inconsistent judgments and orders on identical and/or similar issues. Further, PharmaStem will be denied its choice of forum for its patent claims.

10. Cryo-Cell will not be harmed by the entry of the requested Temporary Restraining Order. Cryo-Cell filed counterclaims against PharmaStem in the instant case and requested preliminary and injunctive relief. Cryo-Cell will have the same opportunity to be heard regarding its counterclaims already presented in this forum as it would have in the Delaware Action. Furthermore, Cryo-Cell has the same opportunity to file a motion for preliminary injunctive relief and have it heard by this Court as it would have in the Delaware Action. Even if PharmaStem's Motion For Injunction is ultimately denied by this Court and Cryo-Cell is allowed to proceed in Delaware, Cryo-Cell can reschedule the hearing on its motion in Delaware. Therefore, there is no harm to Cryo-Cell and the balancing of the harms clearly weighs in favor of PharmaStem.

11. There is no adverse effect on the public interest. Entry of a temporary restraining order in this matter will enable this Court to rule on PharmaStem's Motion For Injunction prior to any orders being entered in the Delaware Action. Further, entry of the temporary restraining order will allow the litigation to proceed expeditiously and with a minimum of unnecessary consumption of judicial resources. Therefore, the entry of the temporary restraining order as requested by PharmaStem is in the public interest.

12. Based on the foregoing and the arguments outlined in PharmaStem's Memorandum of Law in support of this motion and PharmaStem's Motion For Injunction and

Memorandum of Law in support thereof, this Court should enter a temporary restraining order prohibiting Cryo-Cell from proceeding with the hearing on its motion for preliminary injunction or taking any further action in the Delaware Action.

WHEREFORE, PharmaStem respectfully requests that this Court enter an Order in the form set forth in the attached [Proposed] Temporary Restraining Order enjoining Cryo-Cell from proceeding with the preliminary injunction hearing or taking any further action in Civil Action No. 04-1334-GMS in the District Court for the District Of Delaware and granting all other relief the Court deems appropriate.

DATED: October 29th, 2004

Respectfully submitted,

BARNETT, BOLT, KIRKWOOD,
LONG & McBRIDE

_____
Charles A. Carlson, Esq.
Florida Bar No. 716286
Amy E. Stoll, Esq.
Florida Bar No. 150959
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606
Telephone (813) 253-2020
Facsimile (813) 251-6711

and

PERKINS COIE LLP
Paul J. Andre, Esq.
Lisa Kobialka, Esq.
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone (650) 838-4300
Facsimile (650) 838-4350

*Co-Counsel for PharmaStem Therapeutics, Inc.*

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing, has been furnished to Joseph W. Bain, Esq., Akerman Senterfitt, 222 Lakeview Avenue, Suite 400, West Palm Beach, FL 33401-6147 and Charles F. Ketchey, Jr., Esq., Akerman Senterfitt, Post Office Box 3273, Tampa, Florida 33601-3273, via U. S. Mail on this 29th day of October, 2004.

_____
Attorney