UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHARMASTEM THERAPEUTICS, INC.,
a Delaware corporation,

        Plaintiff,                    CASE NO. 8:04-CV-1740-T-30TGW

v.

CRYO-CELL INTERNATIONAL, INC., a
Delaware corporation, BRUCE ZAFRAN,
MD, an individual,

        Defendants.
_____/

CRYO-CELL INTERNATIONAL, INC., a
Delaware corporation, and BRUCE
ZAFRAN, M.D., an individual,

        Counter-Claimants

vs.

PHARMASTEM THERAPEUTICS, INC., a
Delaware corporation, and NICHOLAS
DIDIER, an individual,

        Counter-Defendants.
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER ENJOINING CRYO-CELL FROM PURSUING PRELIMINARY INJUNCTIVE RELIEF IN CASE NO. 04-1334-GMS IN THE DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**I. INTRODUCTION**

PharmaStem Therapeutics, Inc. ("PharmaStem") respectfully requests the Court grant

PharmaStem's Emergency Motion for Temporary Restraining Order ("PharmaStem's TRO

Motion") enjoining Cryo-Cell International, Inc. ("Cryo-Cell") from pursuing preliminary injunctive relief or taking any further action in Civil Action No. 04-1334-GMS in the District Court for the District of Delaware (the "Delaware Action"). The Delaware Action which Cryo-Cell recently joined is identical or closely related to the instant case and was joined by Cryo-Cell several months after PharmaStem brought this case. PharmaStem has a Motion for Preliminary and Permanent Injunction pending in this case seeking to enjoin Cryo-Cell from pursuing the Delaware Action. Such an injunction is warranted because this Court was the first federal court to have jurisdiction over Cryo-Cell's claims and the claims advanced by Cryo-Cell in the Delaware Action are either already pending or are compulsory counterclaims in the instant case. PharmaStem's Motion for Preliminary and Permanent Injunction and Memorandum of Law in support thereof ("PharmaStem's Motion for Injunction") are hereby incorporated herein by reference in support of this motion. PharmaStem's Motion for Injunction has not yet been ruled on or set for hearing by this Court.

Emergency relief is now necessary because, on October 28, 2004, Cryo-Cell joined other defendants in a motion for preliminary injunction pending against PharmaStem in the Delaware Action. The preliminary injunction hearing is scheduled for November 3, 2004, five days from today. Accordingly, it is necessary that Cryo-Cell be restrained from participating as a movant in that preliminary injunction proceeding, the subject matter of which is identical or substantially similar to the issues presented by Cryo-Cell's counterclaims in this case, in order to maintain the *status quo* and to avert the risk of inconsistent judicial decisions.

## II.    BACKGROUND

A.    **Cryo-Cell's Motion For Preliminary Injunction Scheduled to be Heard November 3, 2004 in the Delaware Action.**

On July 28, 2004, PharmaStem filed a patent infringement lawsuit against ViaCell, Inc.[1] ("ViaCell") in the federal District Court of Massachusetts and filed the instant action for patent infringement against Cryo-Cell.  Months later, on October 5, 2004, ViaCell initiated the Delaware Action against PharmaStem, alleging claims for violation of 15 U.S.C. § 1 and 2 (the "antitrust claims"), violation of the Lanham Act, 15 U.S.C. § 1125(a), unfair and deceptive trade practices pursuant to Mass. Gen. Laws Chapter 93A, §§2 and 11, and tortious interference with contract and advantageous business relationships.  A few days later, on October 8, 2004, ViaCell filed a motion for preliminary injunction against PharmaStem on its antitrust claims and unfair and deceptive trade practices claim in the Delaware Action. Copies of ViaCell's Motion For Entry of Preliminary Injunction and Memorandum of Points and Authorities in Support of ViaCell's Motion For Entry of a Preliminary Injunction filed in the Delaware Action are attached to PharmaStem's TRO Motion as Exhibits A and B, respectively.[2]    On October 26, 2004, PharmaStem filed in the Delaware Action its

---

[1]  ViaCell is the parent company of ViaCord, who like Cryo-Cell, offers umbilical cord blood banking services to the public.

[2]  Local Rule 4.05(2) provides that a motion for temporary restraining order should be supported by allegations of specific facts in either a verified complaint or affidavits.  The relevant facts in this motion concern the content of the Cryo-Cell's counterclaim in this case, Cryo-Cell's Delaware complaint, ViaCell's Motion For Preliminary Injunction in the Delaware Action and Cryo-Cell's joinder therein.  These matters are readily capable of determination by resort to district court pleadings and are appropriate for judicial notice. Accordingly, no affidavits have been submitted to establish the content of these court papers.

opposition to ViaCell's motion for preliminary injunction in the Delaware Action, a copy of which is attached to PharmaStem's TRO Motion as Exhibit C.

A week after the preliminary injunction motion was filed, on October 15, 2004, an Amended Complaint was filed in the Delaware Action, in which Cryo-Cell joined, bringing claims for antitrust, violation of the Lanham Act, 15 U.S.C. § 1125(a), and tortious interference with contract and prospective advantageous relationships against PharmaStem. Cryo-Cell also brought a claim for unfair and deceptive trade practices in violation of Florida Stat. § 501.201.[3] A copy of the Amended Complaint in the Delaware Action is attached to PharmaStem's TRO Motion as Exhibit D.

Two days after PharmaStem's briefing was submitted to the Delaware court, Cryo-Cell submitted a Notice of Joinder, pursuant to which Cryo-Cell sought to join as a movant in ViaCell's motion for preliminary injunction. A copy of Cryo-Cell's Notice of Joinder in Motion For Preliminary Injunction is attached to PharmaStem's TRO Motion as Exhibits E. The Delaware court has scheduled a hearing on the preliminary injunction hearing for November 3, 2004. A copy of counsel's letter to the judge in the Delaware Action confirming the hearing time is attached to PharmaStem's TRO Motion as Exhibit F.

Emergency relief is necessary because the November 3, 2004 injunction hearing presents to the Delaware District Court issues identical or substantially similar to the issues presented in Cryo-Cell's counterclaims in this case. Given the substantial similarity between

---

[3] As set forth in PharmaStem's Motion for Preliminary and Permanent Injunctive Relief, the allegations in the amended complaint were based on the identical facts as those pled in Cryo-Cell's counterclaims in this case. In fact, Cryo-Cell's counterclaims for federal unfair competition, tortious interference and unfair and deceptive trade practices are identical to Cryo-Cell's counts for the same causes of action in the Delaware Action.

Cryo-Cell's counterclaims in this case and the later filed Delaware action, issues that should be decided in this case will be presented for hearing before the Delaware District Court at the November 3, 2004 hearing. Therefore, restraining Cryo-Cell from participating as movant at the November 3, 2004 hearing is necessary to prevent the risk of inconsistent judicial rulings. Moreover, the decisions affecting Cryo-Cell and PharmaStem presented at the November 3 hearing in Delaware should be decided in the first instance in this Court, as this Court was first to exercise jurisdiction over the subject matter.

**B.     Cryo-Cell's Counterclaims and its Delaware Complaint.**

Cryo-Cell's Delaware complaint alleges claims against PharmaStem for violations of 15 U.S.C. §§1-2 (the "anti-trust" claims"), violation of the Lanham Act codified at 15 U.S.C. §1125(a) for federal unfair competition, tortious interference with contract and prospective business relationships and unfair and deceptive trade practices in violation of Fla. Stat. § 501.201, *et seq*. The Lanham Act claim, the tortious interference claim and the Florida unfair and deceptive trade practices claim are identical to claims advanced by Cryo-Cell in its counterclaims in this case. Cryo-Cell's Delaware complaint and the counterclaims in this case turn on whether medical care providers who collect umbilical cord blood for unlicensed cord blood banks, such as Dr. Zafran, can be liable for infringement of one of PharmaStem's patents.

In the Delaware complaint and motion for preliminary injunction, Cryo-Cell alleges that PharmaStem could not have a good faith belief that physicians could be liable for infringement of its patents for the collection and shipment of cord blood to an unlicensed cord blood bank. Exh. 1 ¶42 (Cryo-Cell's Delaware complaint). In the Delaware motion for preliminary injunction, Cryo-Cell seeks to prevent PharmaStem from pursuing or threatening

to pursue patent litigation against providers, and from entering into settlement agreements with providers. *See,* Exhibits A and B to PharmaStem's TRO Motion.

The same allegations regarding PharmaStem's lack of good faith in bringing claims against providers, and PharmaStem's dissemination and entry into settlements of those claims are made in Cryo-Cell's counterclaims pending before this Court. *See* Counterclaim ¶¶ 12,13, 18-23. [4]

### III.   ARGUMENT

1. **PharmaStem is Entitled to a Temporary Restraining Order because PharmaStem is Likely to Succeed on the Merits of Its Claim for Injunctive Relief.**

    a. **Cryo-Cell Should Not Be Permitted To Obtain Injunctive Relief in Delaware When An Earlier Filed Case Involving the Same Subject Matter Is Pending Here.**

Cryo-Cell's Delaware complaint and its motion for preliminary injunction are based on allegations that PharmaStem has violated federal antitrust laws by enforcing or threatening to enforce its patents against physicians and other providers, and because it has publicized and executed settlement agreements called "Amnesty Agreements" with providers in exchange for the providers' agreement not to work with unlicensed cord blood banks, such as Cryo-Cell.  Claims in Cryo-Cell's Delaware complaint constitute compulsory counterclaims in this case because there is a "logical relationship" between the facts underlying those claims and the facts supporting PharmaStem's complaint in this case. *See,*

---

[4] A detailed description of Cryo-Cell's Delaware claims and its counterclaims is contained in PharmaStem's Memorandum of Law in Support of Motion for Preliminary and Permanent Injunction incorporated by reference herein.

*e.g. Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) ("logical relationship" exists where the same operative facts serve as the basis of both claims, or where the aggregate core of facts on which the claim rests activates additional legal rights, otherwise dormant, in the defendant). Cryo-Cell's Delaware claims easily pass both tests because PharmaStem's claims in this case and Cryo-Cell's claims in the Delaware Action require an *identical* inquiry based on the same operative facts. [5]

Furthermore, the federal court where jurisdiction first attaches holds it to the exclusion of the others. *See, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169 (11th Cir. 1982), *In re Georgia Power Co.*, 89 F.2d 218, 222 (5th Cir. 1937). A federal district court that first obtains jurisdiction over a matter has the power to enjoin a party before it from proceeding with subsequent, similar litigation in another federal district court. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941), *citing Smith v. McIver*, 22 U.S. (9 Wheat) 532, 6 L.Ed. 152 (1824)). The rational behind the court's ability to enjoin a later filed action is that a party bringing a matter before a court of competent jurisdiction should be free from concurrent litigation over the same subject matter in a different court. *Martin v. Graybar Electric Company*, 266 F. 2d 202, 204 (7th Cir. 1959). An injunction should issue to restrain the later filed litigation in order to prevent economic waste and to promote the efficient administration of justice. *Id.* [6]

---

[5] PharmaStem's arguments regarding the compulsory nature of Cryo-Cell's counterclaims are fully briefed in PharmaStem's Memorandum of Law in Support of Motion for Preliminary and Permanent Injunction incorporated by reference herein.

[6] PharmaStem's arguments regarding the "first filed" doctrine and the court's equitable powers to enjoin later filed actions are fully briefed in PharmaStem's Memorandum of Law in Support of Motion for Preliminary and Permanent Injunction incorporated by reference herein.

A cursory review of the pleadings in the Delaware Action and the counterclaims filed by Cryo-Cell in this case reveal that the allegations are practically identical and the Delaware claims were compulsory counterclaims in this action. Therefore, Cryo-Cell's claims against PharmaStem in the Delaware Action, including Cryo-Cell's motion for preliminary injunction, should be resolved by *this* Court because Cryo-Cell's underlying action consists entirely of compulsory counterclaims over which this Court first exercised jurisdiction.

2. **PharmaStem Will Be Irreparably Harmed If A Temporary Restraining Order is not Entered and the Entry of the Order Does Not Adversely Effect the Public Interest.**

PharmaStem will suffer irreparable harm if the requested temporary restraining order is not entered because PharmaStem will be subject to inconsistent verdicts on identical and/or similar issues and will be deprived of its choice of forum for its patent infringement claims. Further, allowing Cryo-Cell to proceed with the preliminary injunction hearing in Delaware unnecessarily consumes judicial resources and the resources of the parties. Cryo-Cell will have precisely the same opportunity to be heard regarding its claims in this forum as it would have in the District of Delaware, including its claim for preliminary injunctive relief. The balancing of the harms and the existence of irreparable harm both weigh in favor of PharmaStem.

Further, entry of the requested temporary restraining order has no adverse effect on the public interest. Rather it is in the public's interest to have litigation proceed expeditiously, without needless consumption of judicial resources in two forums, and in a manner that prevents the risk of inconsistent decisions.

## IV.  RELIEF SOUGHT

PharmaStem respectfully requests that this Court grant PharmaStem's Emergency Motion For Temporary Restraining Order in the form of the [Proposed] Temporary Restraining Order submitted simultaneously herewith. This relief includes the following:

(a) Cryo-Cell is enjoined from proceeding with or participating in the preliminary injunction hearing scheduled for November 3, 2004, and/or taking any further action in Civil Action No. 04-1334-GMS in the District Court for the District of Delaware pending further order of this Court.

(b) Cryo-Cell must, within one business day, inform the District Court for the District of Delaware of this Court's Temporary Restraining Order by filing the Order in Civil Action No. 04-1334-GMS in the District of Delaware, and serving the Order on all parties to that action.

(c) Cryo-Cell must, within one business day, file a Withdrawal of Notice of Joinder In Motion For Preliminary Injunction in Action No. 04-1334-GMS in the District of Delaware.

## V.  CONCLUSION

For all of the reasons set forth above and in PharmaStem's Motion For Preliminary and Permanent Injunction and Memorandum of Law in Support thereof, PharmaStem respectfully requests that this Court enter the attached [Proposed] Temporary Restraining Order enjoining Cryo-Cell from proceeding with the preliminary injunction hearing or taking any further action in Civil Action No. 04-1334-GMS in the District Court for the District of Delaware.

DATED: October 29th, 2004

Respectfully submitted,

BARNETT, BOLT, KIRKWOOD,
LONG & MCBRIDE

_/s/ CMC_

Charles A. Carlson, Esq.
Florida Bar No. 716286
Amy E. Stoll, Esq.
Florida Bar No. 150959
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606
Telephone (813) 253-2020
Facsimile (813) 251-6711

and

PERKINS COIE LLP
Paul J. Andre, Esq.
Lisa Kobialka, Esq.
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone (650) 838-4300
Facsimile (650) 838-4350
*Co-Counsel for PharmaStem Therapeutics, Inc.*

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing, has been furnished to Joseph W. Bain, Esq., Akerman Senterfitt, 222 Lakeview Avenue, Suite 400, West Palm Beach, FL 33401-6147 and Charles F. Ketchey, Jr., Esq., Akerman Senterfitt, Post Office Box 3273, Tampa, Florida 33601-3273, via U. S. Mail on this 29th day of October, 2004.

_/s/ CMC_
Attorney

BBKLDOCS-#231520-v1-Memo_of_Law_TRO.DOC