

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PHARMASTEM THERAPEUTICS, INC.,
a Delaware corporation,

        Plaintiff,

v.

CRYO-CELL INTERNATIONAL, INC., a
Delaware corporation, BRUCE ZAFRAN, MD,
an individual,

        Defendants.

_____/

CASE NO. 8:04-CV-1740-T-30TGW

## COMPLAINT
## INJUNCTIVE RELIEF AND JURY TRIAL REQUESTED

Plaintiff PharmaStem Therapeutics, Inc. ("Plaintiff" or "PharmaStem") alleges as follows:

### PARTIES

1.    Plaintiff PharmaStem is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, located at 69 Prospect Avenue, Larchmont, New York 10538.

2.    On information and belief, Defendant Cryo-Cell International, Inc. ("Cryo-Cell") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Florida, located at 3165 N. McMullen Booth Road, Clearwater, Florida.

3.    On information and belief, Defendant Bruce Zafran ("Zafran") is a physician licensed to practice medicine in the State of Florida, located at 8110 Royal Palm Beach



Blvd., Coral Springs, FL 33065, and is a member of the Scientific Medical and Advisory Board of Cryo-Cell.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. §271 *et seq.* This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§1331 and 1338.

5. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(a), (b), (c) and/or §1400(b). Personal jurisdiction over defendants Cryo-Cell and Zafran is proper because, on information and belief, they have and continue to infringe, contributorily infringe, and/or induce infringement of the asserted patents in this district.

## PLAINTIFF'S PATENTS

6. PharmaStem is the owner of United States Letter Patent No. 6,461,645 B1 (the "'645 Patent"), entitled ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE BLOOD. The application that led to the '645 Patent was filed on May 16, 1990 and issued on October 8, 2002. The '645 Patent is attached hereto as Exhibit A.

7. PharmaStem is the owner of United States Letter Patent No. 6,569,427 B1 (the "'427 Patent"), entitled ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE BLOOD. The application that led to the '427 Patent was filed on May 16, 1995 and issued on May 27, 2003. The '427 Patent is attached hereto as Exhibit B.

8. The '645 Patent is directed to cryopreserved compositions of fetal or neonatal hematopoietic stem and progenitor cells obtained from the umbilical cord or placental blood of a newborn human ("Cord Blood"). The '427 Patent is directed to methods of using and storing Cord Blood for therapeutic uses.

## PATENT INFRINGEMENT

9. On information and belief, Cryo-Cell provides clients with collection kits to facilitate the collection of Cord Blood, and processes, cryopreserves, and stores Cord Blood for future therapeutic use, collecting various fees for such activities.

10. On information and belief, Zafran has collected Cord Blood which was processed, cryopreserved, and stored for future therapeutic use by Cryo-Cell and/or its agents.

## FIRST CAUSE OF ACTION

### (Infringement of the '645 Patent)

11. PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 10, inclusive, and incorporates them herein by reference.

12. Cryo-Cell has been and continues to infringe, contributorily infringe, and/or induce the infringement of the '645 Patent by making, using, selling and/or offering to sell compositions claimed in the '645 Patent, and will continue to do so until enjoined by the Court.

13. Additionally, Cryo-Cell's infringement of the '645 Patent has been and continues to be willful and deliberate.

14. Cryo-Cell's infringement of the '645 Patent has injured and continues to injure PharmaStem in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Infringement of the '427 Patent)

15. PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 10, inclusive, and incorporates them herein by reference.

16. Cryo-Cell and Zafran have been and continue to infringe, contributorily infringe, and/or induce the infringement of the '427 Patent by making, using, selling and/or

offering to sell the methods claimed in the '427 Patent, and will continue to do so until enjoined by the Court.

17. Cryo-Cell's and Zafran's infringement of the '427 Patent has been and continues to be willful and deliberate.

18. Cryo-Cell's and Zafran's infringement of the '427 Patent has injured and continues to injure PharmaStem in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, PharmaStem prays that the Court grant the following relief and judgment:

A. A preliminary and permanent injunction against Cryo-Cell and its respective officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '645 Patent and '427 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. §283;

B. An award to PharmaStem of such damages as it shall prove at trial against Cryo-Cell, that are adequate to fully compensate it for their infringement of the '645 Patent and '427 Patent, said damages to be no less than a reasonable royalty;

C. An award to PharmaStem for willful infringement against Cryo-Cell of three times the damages so determined, as provided by 35 U.S.C. §284, together with prejudgment interest from the date infringement of the '645 Patent and '427 Patent began;

D. A preliminary and permanent injunction against Zafran and/or those in privity with him, from infringing, contributorily infringing, or inducing the infringement of the '427 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. §283;

E. An award to PharmaStem of such damages as it shall prove at trial against Zafran, that are adequate to fully compensate it for Zafran's infringement of the '427 Patent, said damages to be no less than a reasonable royalty;

F.   An award to PharmaStem for willful infringement against Zafran of three times the damages so determined, as provided by 35 U.S.C. §284, together with prejudgment interest from the date infringement of the '427 Patent began;

G.   A finding that this case is "exceptional" and an award to PharmaStem of its costs and reasonable attorney's fees, as provided by 35 U.S.C. §285; and,

H.   Such further and other relief as the Court and/or jury may deem proper and just.

Respectfully submitted,

BARNETT, BOLT, KIRKWOOD,
LONG & MCBRIDE

_____
Charles A. Carlson, Esq.
Florida Bar No. 716286
601 Bayshore Boulevard
Suite 700
Tampa, FL 33606
Telephone (813) 253-2020
Facsimile (813) 251-6711

and

PERKINS COIE LLP
Paul J. Andre, Esq.
Lisa Kobialka, Esq.
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone (650) 838-4300
Facsimile (650) 838-4350

Co-Counsel for PharmaStem Therapeutics, Inc.

## DEMAND FOR JURY TRIAL

PharmaStem hereby demands jury trial on all issues.

>BARNETT, BOLT, KIRKWOOD,
>LONG & MCBRIDE
>
>*/s/ Charles A. Carlson*
>_____
>Charles A. Carlson, Esq.
>Florida Bar No. 716286
>601 Bayshore Boulevard
>Suite 700
>Tampa, FL 33606
>Telephone (813) 253-2020
>Facsimile (813) 251-6711
>
>and
>
>PERKINS COIE LLP
>Paul J. Andre, Esq.
>Lisa Kobialka, Esq.
>101 Jefferson Drive
>Menlo Park, CA 94025-1114
>Telephone (650) 838-4300
>Facsimile (650) 838-4350
>
>Co-Counsel for PharmaStem Therapeutics, Inc.

BBKLDOCS-#222392-v1-Complaint.DOC